No. 24-1773

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

REAL TIME MEDICAL SYSTEMS, INC.,

*Plaintiff-Appellee,*

*v.*

POINTCLICKCARE TECHNOLOGIES, INC. D/B/A POINTCLICKCARE,

*Defendant-Appellant.*

On Appeal from the United States District Court for the District of Maryland at Greenbelt

## MOTION OF AMERICAN HOSPITAL ASSOCIATION AND ELECTRONIC HEALTH RECORD ASSOCIATION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PETITION FOR REHEARING AND REHEARING EN BANC

James E. Tysse
Kelly M. Cleary
Margaret O. Rusconi
Emily I. Gerry
Jenna Becker
AKIN GUMP STRAUSS
  HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
202-887-4000
jtysse@akingump.com

*Counsel for* Amici Curiae

# DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by all parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)

- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.

- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)

- Any corporate amicus curiae must file a disclosure statement.

- Counsel has a continuing duty to update the disclosure statement.

No. <u>24-1773</u>         Caption: <u>Real Time Medical Systems, Inc. v. PointClickCare Technologies, Inc.</u>

Pursuant to FRAP 26.1 and Local Rule 26.1, <u>the American Hospital Association and Electronic Health Record Association</u>, who are <u>*amici curiae*</u>, make the following disclosure:

1. Is party/amicus a publicly held corporation or other publicly held entity?
   
   ____YES    [X] NO

2. Does party/amicus have any parent corporations?
   
   ____YES    [X] NO
   
   If yes, identify all parent corporations, including all generations of parent corporations: <u>Neither *amici curiae* has a parent corporation. The Electronic Health Record Association is a professional community within the Healthcare Information and Management Systems Society, a non-profit organization that does not have a parent corporation.</u>

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?

 ____YES   [X] NO

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?

 ____YES   [X] NO

If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)

 ____YES ____ NO

If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?

 ____YES   [X] NO

If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim?

 ____YES   [X] NO

If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: _s/ James E. Tysse_   Date:   _April 2, 2025_

Counsel for: _Amici curiae_

## MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Pursuant to Fed. R. App. P. 29(a)(3), *amici curiae*, the American Hospital Association ("AHA") and the Electronic Health Record Association ("EHR Association"), respectfully move for leave to file a brief in support of Appellant-Petitioner PointClickCare Technologies, Inc. and rehearing.

Counsel for *amici* conferred with the parties' counsel. Appellant-Petitioner consented to *amici* filing a brief. Counsel for Appellee-Respondent Real Time Medical Systems, Inc. stated "we do not consent," without further explanation.

The American Hospital Association ("AHA") represents nearly 5,000 hospitals, healthcare systems, and other healthcare organizations nationwide. Founded in 1898, the AHA educates its members on healthcare issues and advocates on their behalf so that their perspectives are heard and addressed in national health policy development, legislative and regulatory debates, and judicial matters. Its member hospitals regularly receive requests for patient data from a range of requestors, including healthcare providers, health information exchanges and networks, and patients.

1

The EHR Association is an advocacy group established in 2004 within the Healthcare Information and Management Systems Society ("HIMSS"). It represents 29 companies that develop and supply electronic health record ("EHR") software used by over 80% of physicians' practices and hospitals across the United States. The EHR Association believes that the adoption of electronic health records is essential to improve the quality of patient care as well as the productivity and sustainability of the healthcare system.

*Amici* are both actively involved in matters affecting their members. The EHR Association routinely provides testimony, comments, and education to legislators and policymakers related to electronic health records policy. The AHA regularly engages in advocacy efforts to support the interests of physicians and hospitals nationwide, including filing *amicus* briefs. This Court already agreed to accept an *amicus* brief from *amici* at the panel stage of this case. *See* Doc. 27 (granting motion for leave to file *amicus* brief). Other cases where this Court has agreed to accept an *amicus* brief from the AHA include *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330 (4th Cir. 2017), *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364 (4th Cir.

2

2015), and *King v. Burwell*, 759 F.3d 358 (4th Cir. 2014), *aff'd*, 576 U.S. 473 (2015).

Relevant here, *amici* have worked for years with their members and HHS on data-exchange standards and the issue of "information blocking." In particular, they have assisted members in developing policies to ensure they are responding to health information requests in a timely, consistent, and reasonable manner. The panel's opinion invents new requirements found nowhere in the Cures Act or the relevant regulation.

*Amici* seek leave to submit a brief to explain not only why the panel's decision is wrong, but also why it is destined to have serious, crippling effects for hospitals and EHR developers nationwide. Given *amici*'s experience with the Cures Act's information-blocking ban and the effect of HHS's information-blocking regulations, *amici* believe they can assist the Court with understanding the harmful implications of the panel's decision.

For the foregoing reasons, *amici* respectfully ask the Court to them grant leave to file the accompanying brief as *amici curiae*.

3

Dated: April 2, 2025

Respectfully submitted,

*/s/ James E. Tysse*
James E. Tysse
Kelly M. Cleary
Margaret O. Rusconi
Emily I. Gerry
Jenna Becker
AKIN GUMP STRAUSS
    HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
202-887-4000
jtysse@akingump.com

*Counsel for* Amici Curiae

4

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and 32(a) because it contains 509 words, excluding the exempted portions, as provided in Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft 365 in 14-point Century Schoolbook.

April 2, 2025                                   /s/ *James E. Tysse*
                                                James E. Tysse

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF System. Counsel for all parties are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF System.

April 2, 2025                    /s/ *James E. Tysse*
                                                    James E. Tysse